IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael E. Hoffman, | Case No. 3:19 CV 766 |
| Plaintiff, | ORDER ADOPTING |
| -vs- | REPORT AND RECOMENDATION |
| Commissioner of Social Security, | JUDGE JACK ZOUHARY |
| Defendant. | |

Plaintiff Michael Hoffman seeks judicial review of an adverse social security decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Carmen Henderson for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Henderson recommends this Court affirm the Commissioner's decision denying Hoffman's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") (Doc. 17 at 1). Hoffman now objects to the R&R (Doc. 18); the Commissioner responds (Doc. 20).

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 17 at 3–6). Briefly, Hoffman underwent surgery in October 2012 to correct a Chiari malformation -- a structural defect at the base of the skull that leads to pain, difficulty moving, and other issues (Doc. 10 at 37, 42). He was 33 years-old at the time. Hoffman previously worked as a production operator, which requires heavy lifting, bending, and twisting (*id.* at 37). He returned to work for a short period after his surgery, but was unsuccessful (*id.* at 38). He experienced ongoing "headaches, severe neck pain, restricted movement, [and] severe back pain" (*id.* at 42). During this time, Hoffman was also diagnosed with anxiety and depression, leading to

panic attacks, vomiting, diarrhea, dizzy spells, nausea, sweating, and suicidal thoughts (*id.* at 48–50). In June 2013, Dr. Yeshwant Reddy, Hoffman's pain-management doctor, ordered Hoffman off work for one month and advised him to find a sedentary or light duty position going forward (*id.* at 471). Hoffman collected unemployment until he returned to work as a janitor in June 2014 (*id.* at 41).

Hoffman then filed for SSI and DIB, requesting a closed period of October 2012 (the date of his surgery) until June 2014 (when he returned to work full-time). His alleged ailments: anxiety disorder, depression, high blood pressure, and effects of Chiari malformation surgery. (*id.* at 63). After a hearing, the administrative law judge ("ALJ") found Hoffman had the residual functional capacity ("RFC") to perform "light" work during the closed period and therefore he was not entitled to benefits (*id.* 611–615). Hoffman sought judicial review in October 2016. The District Court vacated that decision and remanded for further proceedings (*id.* at 644). After a second administrative hearing, the same ALJ again denied Hoffman benefits (*id.* at 586). And this petition followed.

## STANDARD OF REVIEW

In reviewing a denial of benefits, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The Commissioner's findings "as to any fact if supported by substantial evidence

2

shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).

## DISCUSSION

Hoffman's objection, at bottom, is a narrow one. He argues the ALJ improperly "engaged in selective parsing of the record" to avoid evidence indicating he was disabled (Doc. 18 at 2). As the R&R notes, this was the issue with the ALJ's first decision: "The ALJ's prior decision in this case incorrectly made it appear as if Hoffman recovered from surgery without any complications and failed to mention any abnormal findings in Hoffman's physical examinations" (Doc. 17 at 10–11). Hoffman admits that this time around "the ALJ offers a more thorough accounting of [his] post-surgical condition . . ." (Doc. 13 at 18). But he argues the ALJ still erred, because he "summarized only a fraction of the treatment notes relating to the alleged period of disability, erroneously described the content of those records, and omitted discussions regarding the abnormalities noted in those records" (Doc. 18 at 2).

Hoffman points to three sections of the R&R he believes support his argument:

- "The record indicates that Hoffman had at least fifteen physical examinations during the closed period. Hoffman is correct that the ALJ only discusses four out of the fifteen physical examinations" (Doc. 17 at 11).

- "[T]he ALJ did not discuss Hoffman's right and left thoracic paraspinous musculature with trigger points, positive Hoffman's sign, and upper extremity tremors" (*id.* at 12)

- "[T]he ALJ failed to specifically note an abnormality regarding Hoffman's right and left thoracic paraspinous musculature with trigger points" (*id.* at 13).

This Court now undertakes a de novo review of those portions of the R&R to which Hoffman objects and "may accept, reject, or modify" the recommended decision. 28 U.S.C. § 636(b)(1)(C). The ALJ's determination is reviewed under the highly deferential substantial-evidence standard, which "requires the Court to affirm the Commissioner's findings if they are supported by such

3

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 194 (6th Cir. 2020) (quotation marks and citations omitted).

Hoffman's first argument is not well taken. The ALJ's failure to reference every examination during the closed period is not cause for reversal. True, "[an] ALJ has an obligation to consider all evidence before him when he makes a residual functional capacity determination, and must also mention or refute contradictory, objective medical evidence presented to him." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 880 (N.D. Ohio 2011) (citing *Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x. 140, 148 (3d Cir.2010)) (cleaned up). However, "[a]n ALJ need not discuss every piece of evidence in the record for [the ALJ's] decision to stand." *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004). "An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Loral Def. Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999). "Nor must an ALJ make 'explicit credibility findings' as to each bit of conflicting testimony, so long as his factual findings as a whole show that he 'implicitly resolve[d]' such conflicts." *Id.* (citation omitted). The dispositive question is whether, in determining Hoffman had the RFC to perform light work, the ALJ "ignore[d] evidence that does not support his decision, especially when that evidence, if accepted, would change his analysis." *Fleischer*, 774 F. Supp. 2d at 881 (citation omitted).

For context, the first R&R recommended remand because: "the ALJ fail[ed] to acknowledge the presence of the numerous abnormal examination findings in the record, [and made] no attempt to resolve the inconsistencies between these findings and the specific normal findings cited in the decision" (Doc. 10 at 667). Essentially, the ALJ's decision made it appear as if Hoffman recovered from his Chiari malformation surgery without any complication. In his merits brief, Hoffman

argues the same error occurred this time around.  But as Judge Henderson points out -- unlike the ALJ's first decision -- the decision on remand explicitly references several abnormal findings in examinations that occurred in February 2013, July 2013, January 2014, and May 2014.  The ALJ summarized Hoffman's recovery (Doc. 10 at 583) this way:

> The claimant has presented to the doctor complaining of neck and back pain, burning, and cramping following his craniotomy.  This pain was thought to be secondary to the decrease in size of the spinal cord syrinx.  Upon examination, the claimant has had tenderness and decreased range of motion of the cervical, but with normal sensation to light touch, normal strength, and intact deep tendon reflexes X-rays of the cervical, thoracic, and lumbar spine in February 2013 were unremarkable, with note of a prior surgery with surgical clips in the soft tissues within the posterior upper neck.  An MRI of the thoracic spine in March 2013 revealed a shallow disc at T7-T8 without central canal stenosis or cord compression, long-segment cervical syrinx extending to the T2 level and beginning at the C2 level, cervical spondylosis from C2 to C6, with a C6-C7 disc bulge.  The claimant has been prescribed Robaxin, Neurontin, Hydrocodone, and other medications for pain.

Hoffman argues the above analysis does "not accurately portray" the portions of the record referenced and that the ALJ cherry-picked the record to avoid evidence of disability (Doc. 13 at 20–22).  Specifically, Hoffman asserts the ALJ needed to address findings of trigger points of pain in his thoracic spine, hyperactive reflexes, decreased dexterity in performing rapid alternating movements and finger-to-nose testing, and upper-extremity tremors (Doc. 18 at 2).  Not so.  The ALJ's conclusion that Hoffman's reflexes were "intact" is consistent with Physician Assistant Jessica Toland's notes from February and March 2013 (Doc. 10 at 412–13).  And, as the R&R notes, the record does not provide sufficient background to determine whether any of Hoffman's responses to reflex testing were abnormal (Doc. 17 at 12).  Although the ALJ did not reference the thoracic spine trigger points, he explicitly relied on x-ray images from those same months, which revealed no abnormalities (Doc. 10 at 407).

Hoffman cannot demonstrate, based on the evidence he maintains was wrongly excluded, that the ALJ's determination was improper.  The ALJ is not subject to reversal "merely because

5

there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *Id.* at 773 (quotation marks and citations omitted). Here, several pieces of evidence bolster the ALJ's decision:

- On January 14, 2013, Hoffman indicated to Dr. Fleming that his pre-surgery symptoms were resolving (Doc. 10 at 437).

- On February 7, 2013, x-rays of Hoffman's cervical spine revealed no abnormalities (*id.* at 406–408).

- On June 11, 2013, Dr. Fleming noted: "[Hoffman] has had numbness in his bilateral hands, however, this has improved. He also feels his grip is stronger than it was before. He is moving all extremities with full strength. . . . He has decreased dexterity in rapid alternating movements and finger-to-nose testing. His gait is steady. He does have a slight resting tremor on the right more than the left hand. On sensation examination, he has full sensation to light touch whereas before he had decreased sensation in his left lateral forearm as well as fingertips" (*id.* at 431).

- On June 27, 2013, Dr. Reddy noted: "Range of motion is reasonable. Strength, sensation and reflexes in the upper extremity are normal. Range of motion in both the shoulders is normal. Thoracic spine exam is normal. Lumbar range of motion is normal. Lower extremity neurological examination is normal. . . . He further stated Hoffman's "residual symptoms [were] minor and can be resolved shortly" and that he should start "light duty" employment within a month's time" (*id.* at 476–77).

- On July 23, 2013, Dr. Fleming concluded Hoffman had "full strength in his upper and lower extremities [and] . . . intact sensation to light touch throughout" (*id.* at 490).

This evidence, consisting of physician opinions, imaging technology, and Hoffman's own statements, far outweighs the few examination notes Hoffman argues needed to be mentioned. The ALJ properly relied on the record as a whole to determine Hoffman had the RFC to perform light-duty work between October 2012 and June 2014. "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could

reasonably support the conclusion reached." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

## CONCLUSION

Hoffman's Objection (Doc. 18) is overruled, and this Court adopts the R&R (Doc. 17) in its entirety. The ALJ decision is upheld. The Complaint (Doc. 1) is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 23, 2020